**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JULIO RODRIGUEZ JARAMILLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1261-J |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention with Immigration and Customs Enforcement. As relief, Petitioner seeks release or, alternatively, a bond hearing. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell, who issued a Report and Recommendation recommending that the Court order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge within seven days or else release him. [Doc. No. 10]. Judge Mitchell further concluded the Court should decline to address the merits of Petitioner's due process claim and that the Court lacks jurisdiction to grant relief as to Petitioner's claim related to the constructive denial of bond through the imposition of an excessive and unpayable bond amount. *Id.* at 6.

Respondents filed a timely objection recognizing that this matter is controlled by the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). [Doc. No. 11]. Petitioner did not object and has waived the right to appellate review of the factual and legal issues addressed in the Report and Recommendation. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). Accordingly, the Report and Recommendation is ADOPTED and Petitioner's Petition is GRANTED IN PART in so far as it alleges Respondents violated the Immigration and Nationality Act. Ordinarily, the Court would order Respondents to provide Petitioner with a bond

hearing pursuant to 8 U.S.C. § 1226(a). While this case was proceeding, however, Respondents voluntarily provided Petitioner with a custody redetermination hearing, at which the Immigration Judge granted bond in the amount of $25,000.00. [Doc. No. 12]. Because Petitioner has already received relief in the form of a custody redetermination hearing, the Court concludes no further relief is warranted.

A separate judgment will enter.

IT IS SO ORDERED this 6th day of August, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE